| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: <br> DISTRICT OF DELAWARE | |
| Case number *(if known)* _____  Chapter **11** | ☐ Check if this an amended filing |

Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**     BD LaPlace, LLC

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

FKA  Arcelormittal LaPlace, LLC

**3. Debtor's federal Employer Identification Number** (EIN)     72-1125783

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **138 Highway 3217** <br> **La Place, LA 70068** <br> Number, Street, City, State & ZIP Code | _____ <br> P.O. Box, Number, Street, City, State & ZIP Code |
| **St John the Baptist** <br> County | **Location of principal assets, if different from principal place of business** <br> **2404 S. Roane Street Harriman, TN 37748** <br> Number, Street, City, State & ZIP Code |

**5. Debtor's website** (URL)     www.bayousteelgroup.com

**6. Type of debtor**
- ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: _____

Debtor  **BD LaPlace, LLC**  
     Name

Case number (*if known*) _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))  
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))  
☐ Railroad (as defined in 11 U.S.C. § 101(44))  
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))  
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))  
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))  
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)  
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)  
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

    **3311**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7  
☐ Chapter 9  
■ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.  
☐ Yes.

If more than 2 cases, attach a separate list.

District _____ When _____ Case number _____  
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No  
■ Yes.

List all cases. If more than 1, attach a separate list

Debtor **See Attachment** Relationship _____  
District _____ When _____ Case number, if known _____

Debtor **BD LaPlace, LLC**             Case number (*if known*) _____
       Name

**11. Why is the case filed in *this district?*** *Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

- ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____
- ☐ It needs to be physically secured or protected from the weather.
- ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
- ☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**    *Check one:*

- ☐ Funds will be available for distribution to unsecured creditors.
- ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ■ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ■ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

Debtor **BD LaPlace, LLC**
Name

Case number (*if known*)

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **October 1, 2019**
MM / DD / YYYY

X **/s/ Alton Davis**
Signature of authorized representative of debtor

**Alton Davis**
Printed name

Title   **President and Chief Operating Officer**

**18. Signature of attorney**

X **/s/ Christopher A. Ward**
Signature of attorney for debtor

Date **October 1, 2019**
MM / DD / YYYY

**Christopher A. Ward**
Printed name

**Polsinelli PC**
Firm name

**222 Delaware Avenue
Suite 1101
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone **(302) 252-0920**   Email address **cward@polsinelli.com**

**3877 DE**
Bar number and State

Debtor  **BD LaPlace, LLC**    Case number (*if known*)
         Name

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:
DISTRICT OF DELAWARE

Case number (*if known*) _____   Chapter  **11**

☐ Check if this an amended filing

# FORM 201. VOLUNTARY PETITION

## Pending Bankruptcy Cases Attachment

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **Bayou Steel BD Holdings, L.L.C.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **10/01/19** | Case number, if known | |
| Debtor | **BD Bayou Steel Investment, L.L.C.** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | **10/01/19** | Case number, if known | |

**UNANIMOUS WRITTEN CONSENT OF THE MANAGER OF EACH OF
BD LAPLACE, LLC AND BD BAYOU STEEL INVESTMENT, LLC**

September 30, 2019

The undersigned, Bayou Steel BD Holdings, LLC, a Delaware limited liability company (the "**Parent**"), being the sole manager (in such capacity, the "**Manager**") of each of (i) BD LaPlace, LLC, a Delaware limited liability company ("**LaPlace**"), and (ii) BD Bayou Steel Investment, LLC, a Delaware limited liability company ("**Bayou Steel**" and, together with LaPlace, collectively, the "**Subsidiaries**" and together with Parent, the "**Company**"), does hereby adopt, approve, and authorize the recital and resolutions set forth below and will place this written consent in the records of each Subsidiary:

**I.    CHAPTER 11 FILING**

**WHEREAS**, the Manager has considered presentations by management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the effect of the foregoing on the Company's business; and

**WHEREAS**, the Company has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company.

**NOW THEREFORE BE IT RESOLVED**, that in the judgment of the Manager, it is desirable and in the best interests of the Company, that the Company shall be, and hereby is, authorized to file or cause to be filed voluntary petitions for relief for the Parent and Subsidiaries (collectively referred to herein as the "**Chapter 11 Cases**") under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in a court of proper jurisdiction (the "**Bankruptcy Court**"); and be it

**FURTHER RESOLVED**, that the Chief Executive Officer and Chief Financial Officer (collectively, the "**Authorized Officers**"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and be it

**FURTHER RESOLVED**, that the Authorized Officers, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered and directed to certify the authenticity of these resolutions.

**II.    RETENTION OF PROFESSIONALS**

**IT IS FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of POLSINELLI PC as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code,

and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of POLSINELLI PC; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of CANDLEWOOD PARTNERS, LLC as financial advisor and investment banker to represent and assist the Authorized Officers and the Company in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers are, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of CANDLEWOOD PARTNERS, LLC; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of KURTZMAN CARSON CONSULTANTS LLC as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of KURTZMAN CARSON CONSULTANTS LLC; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with the Chapter 11 Cases, with a view to the successful prosecution of such cases.

### III. CASH COLLATERAL AND ADEQUATE PROTECTION

**IT IS FURTHER RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in Bankruptcy Code section 363(a) (the "**Collateral**"), which is security for the financial institutions party thereto from time to time as lenders (collectively, the "**Lenders**"), and Bank of America, N.A., a national banking association, as agent for the Lenders (the "**Senior Agent**"), as set forth in that certain Loan and Security

2
70571457.5

Agreement dated as of April 4, 2016 (as amended, modified, or supplemented from time to time, the "**Senior Credit Agreement**"); and be it

**FURTHER RESOLVED**, that to use and obtain the benefits of the Collateral and in accordance with Bankruptcy Code section 363, the Company will provide certain adequate protection to the Senior Agent (the "**Adequate Protection Obligations**"), as documented in a proposed interim order (the "**Cash Collateral Order**") and submitted for approval to the Bankruptcy Court; and be it

**FURTHER RESOLVED**, that that the form, terms and provisions of the Cash Collateral Order to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted and approved, and each of the Authorized Officers of the Company be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Cash Collateral Order, and such other agreements, certificates, instruments, receipts, petitions, motions or other papers or documents to which the Company is or will be a party (collectively with the Cash Collateral Order, the "**Cash Collateral Documents**"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Directors, with such changes, additions, and modifications thereto as the officers of the Company executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof; and be it

**FURTHER RESOLVED**, that that the Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations (as set forth in the Cash Collateral Order) and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Documents (collectively, the "**Adequate Protection Transactions**"); and be it

**FURTHER RESOLVED**, that the Authorized Officers of the Company be, and they hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the Adequate Protection Transactions, including delivery of: (a) the Cash Collateral Documents and such agreements, certificates, instruments, guaranties, notices and any and all other documents, including, without limitation, any amendments to any Cash Collateral Documents (collectively, the "**Adequate Protection Documents**"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the prepetition lenders; and (c) such forms of deposit, account control agreements, officer's certificates and compliance certificates as may be required by the Cash Collateral Documents or any other Adequate Protection Document; and be it

3

**FURTHER RESOLVED**, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Company in connection with the foregoing resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the Cash Collateral Order or any of the other Adequate Protection Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers of the Company be, and they hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the Cash Collateral Order or any of the Adequate Protection Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof; and be it

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

**FURTHER RESOLVED**, that all members of the Board of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and be it

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in

4

such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

IV. **GENERAL**

**FURTHER RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and be it

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Manager; and be it

**FURTHER RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole stockholder, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers' reasonable business judgment as may be necessary or appropriate to effectuate the purposes of the transactions contemplated herein.

This Consent may be signed in one or more counterparts, each of which shall be deemed an original, and all of which shall constitute one instrument.

This action by written consent of the Boards of Directors of BD LaPlace, LLC and BD Bayou Steel Investment, LLC is being signed and is effective of the date first written above.

**BOARD OF DIRECTORS**

[Abstain]
_____
James Hogarth

[Abstain]
_____
Sam Farahnak

[Abstain]
_____
Phil Raygorodetsky

*[signature]*
_____
Rob Archambault

_____
Terry Taft

_____
Bob Unfried

6

This action by written consent of the Boards of Directors of BD LaPlace, LLC and BD Bayou Steel Investment, LLC is being signed and is effective of the date first written above.

**BOARD OF DIRECTORS**

[Abstain]
James Hogarth

[Abstain]
Sam Farahnak

[Abstain]
Phil Raygorodetsky

_____
Rob Archambault

_*Terrence Taft* (signature)_
Terry Taft

_____
Bob Unfried

This action by written consent of the Boards of Directors of BD LaPlace, LLC and BD Bayou Steel Investment, LLC is being signed and is effective of the date first written above.

## BOARD OF DIRECTORS

[Abstain]
James Hogarth

[Abstain]
Sam Farahnak

[Abstain]
Phil Raygorodetsky

_____
Rob Archambault

_____
Terry Taft

_/s/ Bob Unfried_____
Bob Unfried

70571457.5

**Fill in this information to identify the case:**

Debtor name: **BD LaPlace, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule* _____
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **October 1, 2019**    X **/s/ Alton Davis**
                                             Signature of individual signing on behalf of debtor

                                             **Alton Davis**
                                             Printed name

                                             **President and Chief Operating Officer**
                                             Position or relationship to debtor

**Fill in this information to identify the case:**

Debtor name: BAYOU STEEL BD HOLDINGS, LLC

United States Bankruptcy Court District of Delaware

Case number (If known):

☐ Check if this is an amended filing

## Official Form 204

**Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | TOKAI CARBON GE LLC<br>KELLY CORRELL<br>6210 AUDRY KELL ROAD<br>SUITE 270<br>CHARLOTTE, NC 28277 | KELLY CORRELL<br>PHONE: 704-593-5123<br>EMAIL: KELLY.CORRELL@TOKAICARBONUSA.COM | TRADE CLAIM | | | | $ 2,745,736.24 |
| 2 | TRI COASTAL TRADING LLC<br>11931 WICKCHESTER<br>SUITE 201<br>HOUSTON, TX 77043 | PHONE: 281-902-0260 | TRADE CLAIM | | | | $ 1,594,630.02 |
| 3 | ALTER TRADING CORPORATION<br>700 OFFICE PARKWAY<br>ST. LOUIS, MO 63141-7124 | PHONE: 314-872-2400 | TRADE CLAIM | | | | $ 1,095,061.74 |
| 4 | BARFIELD ENTERPRISES, INC<br>CHRISTINE BOSSIER<br>PO BOX 218<br>NEW BOSTON, TX 75570 | CHRISTINE BOSSIER<br>PHONE: 985-651-4533<br>EMAIL: CMBOSSIER@AOL.COM | TRADE CLAIM | | | | $ 888,253.48 |
| 5 | THE DAVID J JOSEPH COMPANY<br>PO BOX 632960<br>CINCINNATI, OH 45263-2960 | PHONE: 402-590-2080 | TRADE CLAIM | | | | $ 875,031.49 |
| 6 | KODIAK METALS RECYCLING NC.<br>JAMES DICKINSON<br>1010 AVENUE S<br>DICKINSON, TX 77586 | JAMES DICKINSON<br>PHONE: 281-339-2300<br>EMAIL: CKL@KODIAKRESOURCES.NET | TRADE CLAIM | | | | $ 849,694.58 |
| 7 | MINERAIS U.S. LLC.<br>ANDREW COOKE<br>105 RAIDER BLVD<br>HILLSBOROUGH, NJ 08844 | ANDREW COOKE<br>PHONE: 908-874-7666<br>EMAIL: AMC@MINERAISUSA.COM | TRADE CLAIM | | | | $ 820,092.00 |
| 8 | PROLER SOUTHWEST INC.<br>LINH NGUYEN<br>PO BOX 53028<br>HOUSTON, TX 77052 | LINH NGUYEN<br>PHONE: 713-671-2900<br>EMAIL: LINH.NGUYEN@SIMSMM.COM | TRADE CLAIM | | | | $ 779,666.50 |
| 9 | DERICHEBOURG RECYCLING USA, INC<br>DANIELLE CANGA<br>7501 WALLISVILLE ROAD<br>HOUSTON, TX 77020-3543 | DANIELLE CANGA<br>PHONE: 713-675-2285<br>EMAIL: DANIELLE.CANGA@DERICHEBOURG.COM | TRADE CLAIM | | | | $ 776,448.46 |
| 10 | LA SCRAP METAL RECYCLING OF B.R.<br>DANIEL RICHARD<br>2527 S WESTPORT DRIVE<br>PORT ALLEN, LA 70767 | DANIEL RICHARD<br>PHONE: 225-389-1108<br>EMAIL: DRICHARD@LASCRAPMETAL.COM | TRADE CLAIM | | | | $ 765,662.43 |
| 11 | STRICKLAND TRADING INC.<br>B. WALLACE<br>101 CARNOUSTIE<br>SHOAL CREEK, AL 35242 | B. WALLACE<br>PHONE: 205-995-9550<br>EMAIL: BWALLACE@STRICKLANDTRADING.COM | TRADE CLAIM | | | | $ 758,253.41 |
| 12 | PROTRADE STEEL COMPANY, LTD<br>5700 DARROW ROAD<br>SUITE 114<br>HUDSON, OH 44236 | PHONE: 330-655-3970<br>EMAIL: ATAN@PROTRADESTEEL.COM<br>FREIGHTAP@PRODTRADESTEEL.COM | TRADE CLAIM | | | | $ 752,954.26 |
| 13 | PACIFIC FOUNDRY COMPANY<br>136 DURHAM AVENUE<br>NEW JERSEY, NJ 08840 | PHONE: 732-767-9788<br>EMAIL: ZENO@PFCROLL.COM | TRADE CLAIM | | | | $ 657,398.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | RIVER PARISH CONTRACTORS INC<br>SHAWN BECNEL<br>4007 WEST AIRLINE HWY<br>PO BOX 2650<br>RESERVE, LA 70084-0545 | SHAWN BECNEL<br>PHONE: 985-536-1425<br>EMAIL: SHAWN.BECNEL@RPCONTRACTORS.COM | TRADE CLAIM | | | | $ 647,399.80 |
| 15 | LA SCRAP PROCESSORS<br>DANIEL RICHARD<br>2200 CAMERON STREET<br>LAFAYETTE, LA 70506 | DANIEL RICHARD<br>PHONE: 337-654-4932<br>EMAIL: DRICHARD@LASCRAPMETAL.COM | TRADE CLAIM | | | | $ 523,219.26 |
| 16 | GONG CHANG %MPSI<br>DAVE BALDEA<br>PO BOX 4030<br>CARMEL, IN 46082 | DAVE BALDEA<br>PHONE: 317-853-6979<br>EMAIL: VIKINGSPORT@MSN.COM | TRADE CLAIM | | | | $ 512,313.00 |
| 17 | PULL A PART<br>REBECCA KIM<br>4473 TILLY MILL ROAD<br>ATLANTA, GA 30360 | REBECCA KIM<br>PHONE: 678-993-2513<br>EMAIL: REBECCAK@PULLAPART.COM | TRADE CLAIM | | | | $ 463,521.96 |
| 18 | LHOIST NORTH AMERICA<br>JOHN BEATTY<br>3700 HULEN STREET<br>FORT WORTH, TX 76107 | JOHN BEATTY<br>PHONE: 800-388-8550<br>EMAIL: JOHN.BEATTY@LHOIST.COM | TRADE CLAIM | | | | $ 451,825.49 |
| 19 | DIAMOND E TRUCKING<br>C MITCHELL<br>214 VETERANS BLVD<br>PO BOX 1056<br>DENHAM SPRINGS, LA 70726 | C MITCHELL<br>PHONE: 225-667-0111 504-667-0111<br>EMAIL: DIAMONDETRUCKING@YAHOO.COM | TRADE CLAIM | | | | $ 447,687.13 |
| 20 | KONE CRANES<br>KEITH MINER<br>3115 LAPLACE LANE<br>LAPLACE, LA 70068 | KEITH MINER<br>PHONE: 504-382-2332<br>EMAIL: KEITH.MINER@KONECRANES.COM | TRADE CLAIM | | | | $ 437,023.56 |
| 21 | JLE INDUSTRIES, LLC<br>119 ICMI ROAD<br>SUITE 210<br>DUNBAR, PA 15431 | PHONE: 724-603-2228<br>EMAIL: JAMIE.MARCHIONDA@JLEINDUSTRIES.COM | TRADE CLAIM | | | | $ 435,492.26 |
| 22 | JEFFERSON IRON & METAL<br>3940 MONTCLAIR ROAD<br>#300<br>PO BOX 131449<br>BIRMINGHAM, AL 35213 | PHONE: 205-803-5200<br>EMAIL: DANNY@JEFFIRON.COM | TRADE CLAIM | | | | $ 430,120.81 |
| 23 | AMERICAN STATE EQUIPMENT<br>2055 SOUTH 108TH STREET<br>MILWAUKEE, WI 53227 | PHONE: 414-541-8700<br>EMAIL: MHOCKING@AMSTATE.COM | TRADE CLAIM | | | | $ 428,018.05 |
| 24 | M. BRASHEM, INC<br>14023 NE 18TH STREET<br>BELLEVUE, WA 98007 | PHONE: 425-641-1566<br>EMAIL: MIKEB@MBRASHEM.COM | TRADE CLAIM | | | | $ 416,656.18 |
| 25 | AMERICAN ROLL GROUP LLC<br>KEVIN MCCAFFREY<br>28182 N HAYDEN ROAD<br>SCOTTSDALE, AZ 85266 | KEVIN MCCAFFREY<br>PHONE: 480-502-9018<br>EMAIL: ROLLVENDOR@GMAIL.COM | TRADE CLAIM | | | | $ 398,115.00 |
| 26 | APPLIED INDUSTRIAL<br>5516 POWELL STREET<br>HARAHAN, LA 70183-3427 | PHONE: 504-733-7140<br>EMAIL: SC0273@APPLIED.COM | TRADE CLAIM | | | | $ 392,519.68 |
| 27 | SCRAP CONNECTION<br>STACEY GRIFFIN<br>1954 HIGHWAY 182<br>HOUMA, LA 70364 | STACEY GRIFFIN<br>PHONE: 985-868-0489<br>EMAIL: MOTORCROSSMOMA@YAHOO.COM | TRADE CLAIM | | | | $ 385,036.74 |
| 28 | TMS INTERNATIONAL, LLC<br>12 MONONGAHELA AVE<br>GLASSPORT, PA 15045 | PHONE: 412-678-6141<br>EMAIL: TMINNIER@TMSINTERNATIONAL.COM | TRADE CLAIM | | | | $ 378,736.51 |
| 29 | ROCHESTER IRON AND METAL, INC.<br>MICHELE MORGAN<br>1552 E. LUCAS STREET<br>ROCHESTER, IN 46975 | MICHELE MORGAN<br>PHONE: 574-835-1699<br>EMAIL: MMORGAN@ROCHESTERIRON.COM | TRADE CLAIM | | | | $ 361,536.25 |
| 30 | HISAR CELIK C O MPSI ROLLS<br>DAVE BALDEA<br>PO BOX 4030<br>CARMEL, IN 46082-4030 | DAVE BALDEA<br>FAX: 317-853-6234<br>EMAIL: VIKINGSPORT@MSN.COM | TRADE CLAIM | | | | $ 357,700.00 |

# United States Bankruptcy Court
### District of Delaware

In re  **BD LaPlace, LLC**                                                Case No.
                         Debtor(s)                                        Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Bayou Steel BD Holdings II, L.L.C.**<br>**138 Highway 3217**<br>**La Place, LA 70068** | **Preferred** | **100%** | Ownership |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President and Chief Operating Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **October 1, 2019**                         Signature  **/s/ Alton Davis**
                                                             **Alton Davis**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

**United States Bankruptcy Court**
District of Delaware

In re  **BD LaPlace, LLC**  
Debtor(s)

Case No.  
Chapter  **11**

# CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for **BD LaPlace, LLC** in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Bayou Steel BD Holdings II, L.L.C.**  
**138 Highway 3217**  
**La Place, LA 70068**

☐ None [*Check if applicable*]

**October 1, 2019**  
Date

**/s/ Christopher A. Ward**  
**Christopher A. Ward**  
Signature of Attorney or Litigant  
Counsel for **BD LaPlace, LLC**  
**Polsinelli PC**  
**222 Delaware Avenue**  
**Suite 1101**  
**Wilmington, DE 19801**  
**(302) 252-0920 Fax:(302) 252-0921**  
**cward@polsinelli.com**